### KADOW et al. v. ROBERTSON, Commissioner of Patents.

#### No. 5756.

Court of Appeals of the District of Columbia.

Argued May 2, 1933.

Decided June 5, 1933.

Melville Church, of Washington, D. C., and Otto R. Barnett, of Chicago, Ill., for appellants.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellants filed a bill in equity in the Supreme Court of the District of Columbia under section 4915, R. S. (35 USCA § 63), for a decree directing the Commissioner of Patents to issue them a patent for a thin-blown drinking glass with a beaded edge.

From a decree dismissing the bill this appeal is prosecuted.

Claim 4 is illustrative of the claims denied in the Patent Office. It reads as follows: "A thin-wall, open-mouthed, blown glass receptacle, having a thickened bead around its mouth, said bead being of substantially uniform size at all points around said mouth."

The claims involved a reinforcing bead upon the rim of a blown drinking glass. The bead is novel in character in that it overhangs both the inside and outside surfaces of the glass. This novelty, however, goes rather to the process of manufacture than to the article. The claim here is for a patent on the article.

The unique characteristics of the beaded edge consists in providing a chip-proof drinking glass. It is claimed that this invention results in correcting the defect that exists in the usual form of drinking glass where the edges easily chip by coming in contact with hard surfaces when being shipped or handled in the ordinary uses to which they are subjected. It is also claimed by appellants that their invention produces a "fire-finished" beaded edge "substantially free from permanent internal strains"; but these are steps in the process of manufacturing, and might be invoked in support of claims for a process patent, but not for an article of manufacture which is otherwise unpatentable. These claims, however, are old in the art, since the statement "substantially free from internal strains" relates merely to annealing of the article. Annealing of glass to protect it from internal strains is common in the practice of glass making.

Reinforcing beads upon rims of glass articles, including drinking glasses, is clearly disclosed in the prior art. The Board of Patent Appeals in its decision held that under the prior art reinforcing beads upon rims of glass articles, including drinking glasses, was in common use, and special reference is made to a German patent to one Walther, 61151, and a patent to one Sullivan, and others, 1304622. The Board quotes from the decision of the First Assistant Commissioner as follows: "From the foregoing (the above patents) it will be clear that both blown and pressed vessels are well known and it is believed there could be nothing inventive predicated upon broadly reinforcing the rim of a blown glass by a bead. Even if this had not been done before, the adoption of such a bead upon a pressed glass vessel is suggestive of the utility of such a construction on a blown article. Indeed, it is so common and expedi-

ent to reinforce almost any thin-wall structure by a bead that there is involved nothing more than the most ordinary skill of a workman in attempting such an expedient in a drinking glass."

Appellant's chief anticipation, we think, is found in the patent to one Love, 226665, which discloses a bead on the rim of a plate or dish to prevent chipping. The bead is so constructed that it overhangs both surfaces of the article. In his specification he states that "the improvement may of course be applied to all vitreous wares, the enlargement or rim being produced as the article is formed, by blowing or casting."

A careful review of the specifications of the Love patent, which was issued April 20, 1880, and went into public use in 1897, discloses a complete anticipation of the article for which a patent is here claimed.

The decree is affirmed.